# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3294 | DATE | 10/18/2004 |
| CASE TITLE | William A. Murray vs. Citibank (South Dakota), N.A., et a | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order: Citibank's motion to dismiss (12-1) is granted. This case is dismissed. Any other pending motions (15-1, 17-1) are moot. The ruling date of 10/21/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 9 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | | 10/18/2004 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM A. MURRAY, )
)
    Plaintiff, )
)
v. ) No. 04 C 3294
)
CITIBANK (SOUTH DAKOTA), N.A., )
and NCO FINANCIAL SYSTEMS, INC., )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff William A. Murray (Murray) brought an action, *pro se*, under 15 U.S.C. § 1601, the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit and Charge Card Disclosure Act (FCCCDA) against co-defendants Citibank (South Dakota), N.A. (Citibank), and NCO Financial Systems, Inc. (NCO). Murray's case against NCO has been dismissed by an earlier order of the court. Presently before us is Citibank's motion to dismiss under Rule 12(b)(6). For the reasons set forth below, we grant Citibank's 12(b)(6) motion and dismiss the case.

**I.    Standard of Review**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purposes of a motion to dismiss, we must take all well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995). Where, as here, a plaintiff is proceeding *pro se*, we have a special responsibility to construe the complaint liberally. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

However, a *pro se* plaintiff can plead himself out of court by pleading facts that undermine his case. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

Murray's allegations were made in a one paragraph complaint and were later amended by a second one paragraph complaint. In construing Murray's pleading liberally, we have considered both the complaint and the amended complaint to form the basis of the his allegations. The complaints contain allegations under the FDCPA, the FCCCDA, and 15 U.S.C. § 801. 15 U.S.C. § 801 has been repealed and is, therefore, not considered, but the Murray's allegations under the FDCPA and the FCCCDA are analyzed below.

## II.   Background

The plaintiff, William A. Murray, amassed a debt of $2,500.00 on his Citibank credit card in 1989. Murray became delinquent with his payments in 1991. In 1992, Citibank notified him by mail that $1,900.00 of the $2,500.00 debt that he owed to Citibank "had been charged off to the [IRS]." In 1997, Citibank sold Murray's debt to CreditTrust. Presumably, CreditTrust subsequently sold or assigned the account to co-defendant NCO. On February 16, 2004, NCO sent Murray a letter trying to collect $7,393.44. Murray brought this action because of that letter.

Murray alleges that the defendants violated the FDCPA and FCCCDA by committing the following acts on or about February 5, 2004: 1) failing to inform plaintiff what part of his credit card debt was principal, interest and fees; 2) failing to inform the plaintiff of the annual percentage rate, etc.; 3) using fraud, theft, and deception by computing interest and fees a balance of $2,500.00, of which $1,900.00 had already been charged to the IRS; 4) failing to inform the plaintiff that his credit card debt had been sold and at what amount, in terms of principal balance, fees, and interest rates; 5) charging the plaintiff compound interest instead of simple interest and changing the rate without the knowledge and

consent of the plaintiff; and 6) conspiring with a third-party bill collector to deceive the plaintiff and defraud him by overcharging him interest, fees, and principal balance.

Citibank has moved to dismiss the claims against it on the grounds that: (1) Murray did not allege that Citibank was a "debt collector" under the FDCPA; (2) Citibank is not, in fact, a "debt collector" and, therefore, cannot violate the FDCPA; and (3) Murray failed to allege any fact to show that Citibank violated the FCCCDA.

**III. Analysis**

**A. Claims under the FDCPA**

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes a creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

The FDCPA imposes liability on "debt collectors," not creditors. *See Shula v. Lawent*, 359 F.3d 489, 491-92 (7th Cir. 2004). A creditor seeking to collect its own debt is not liable under the FDCPA. *Id.* at 492. However, an exception exists for the situation in which a creditor attempts to collect debt under a different name, posing as a debt collector. *Id.* Under the definition provided by the statute, Murray has not alleged that Citibank is a debt collector, as a matter of law. *See, e.g., Kloth v. Citibank (South Dakota), N.A.*, 33 F. Supp. 2d 115, 119 (D. Conn. 1998) (finding that Citibank, which retained

3

a collection agency to collect its debt, "is not a 'debt collector' under the FDCPA as a matter of law"). Co-defendant NCO is a wholly separate entity from Citibank, and therefore, an attempt by NCO to collect debt from Murray does not enable him to make a claim against Citibank under the FDCPA. Furthermore, in Murray's amended complaint he classifies Citibank as "a creditor-not a third-party bill collector," necessarily making the claim against Citibank under the FDCPA fatal since only "debt collectors" are liable under the Act.[1]

### B. Claims under the FCCCDA

The FCCCDA states in relevant part that, "[i]t is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit car practices." 15 U.S.C. § 1601(a). While the FCCCDA requires a creditor to mail or deliver periodic statements for each billing cycle, the creditor's obligation in this regard ceases "for an account if the creditor deems it uncollectible, or if delinquency collection proceedings have been instituted, or if furnishing the statement would violate federal law." 12 C.F.R. § 226.5(b)(2). Because Murray's account was deemed uncollectible in 1991 when it became admittedly delinquent, Citibank was released from its obligation to provide him with a statement and, therefore, cannot be liable under the FCCCDA.

---

[1] Even if Citibank could be classified as a "debt collector," Murray would be time-barred from making a claim. 15 U.S.C. § 1692k(d) states that an action brought under the FDCPA must be brought "within one year from the date on which the violation occurs." In his complaint, Murray asserts that the last correspondence with Citibank occurred "circa 1992"–twelve years before Murray brought the present claim, necessarily defeating this action.

## IV. Conclusion

For the foregoing reasons, Citibank's motion to dismiss is granted. The case is dismissed. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/18/04

5